

**FILED**
May 04, 2023 03:44 PM
SX-1998-CV-00559
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GEORGE HARLEY, ET AL.,** | SX-98-CV-559 |
| **Plaintiffs** | |
| v. | ACTION FOR INJUCTIVE RELIEF AND DAMAGES |
| **GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,** | |
| **Defendants** | |

**Cite as: VI Super 19U**

**RONALD E. RUSSELL, ESQ**
**THE RUSSELL LAW FIRM, LLP**
Attorney for Plaintiffs
2157 Kings Cross Street
Christiansted, Virgin Islands 00820

**ZULEYMA CHAPMAN, ESQ**
Attorney for Defendants
Assistant Attorney General
Office of Collective Bargaining
#5001 Chandler's Wharf, Suite 10
Christiansted, Virgin Islands 00820

*Jomo Meade, Senior Sitting Judge*

### MEMORANDUM

¶ 1.     **THIS MATTER** is before the Court on Plaintiffs' Motion for Summary Judgment, Defendant's Motion in Opposition to Summary Judgment and Plaintiffs' Reply. The dispute concerns rights and obligations arising under a 1990 Collective Bargaining Agreement between the Government of the Virgin Islands ("Government" or "Defendant") and The United Industrial Workers of

1

North America, Seafarers International Union ("SIU" or "Union") which represented the Plaintiffs who, at that time, were Government employees. Under the standards of a motion for summary judgment, this Court must consider whether there are any genuine issues of material fact regarding the Government's obligation to pay to these Plaintiffs or the Plaintiffs' right to be paid the retroactive wages and wage increases that were promised under a 1990 contract.

**Factual and Procedural Background**

When this action initially commenced the Plaintiffs were members of two bargaining units, the (SIU) and the District 2A Marine Engineers Beneficial Association – Association of Maritime Officers ("MEBA"). This matter has been litigated for some time. Therefore, the Parties are familiar with the factual context and procedural history of this case. Accordingly, the Court will recite only those facts which are essential to its analysis of the motion for summary judgment.

A 1990 Collective Bargaining Agreement between the Government and SIU provided for retroactive wages and wage increases of sixteen (16%) percent to employees who were members of the Union. The contract was due to expire in 1993 and when it did, the parties stipulated to extend it beyond its expiration date until a new contract had been negotiated. The new contract was negotiated and took effect in 1997. The funds to pay the retroactive wages and wages increases were unavailable and so the Plaintiffs were not paid the promised

compensation during the life of the contract or its stipulated extension. By the time the Government and SIU negotiated a new contract in 1997, these Plaintiffs had retired from government service. While this new contract was in effect, the funds became available, and the Government fulfilled its outstanding obligation to the current employees under the new contract but did not compensate the Plaintiffs. The Plaintiffs commenced this action in 1998 seeking relief for breach of contract and other claims based on the Government's failure to pay the Plaintiffs the retroactive wages and wage increases according to the 1990 agreement.

2. During the pendency of this action, several Plaintiffs withdrew from the lawsuit. The Plaintiffs who withdrew, also retirees, were represented during the tenure of their employment by MEBA. In 1995, MEBA negotiated a new contract with the Government. In the negotiations, MEBA agreed to waive the retroactive wages and wage increases promised to its former members, who were then retirees. In return for the waiver, MEBA secured a contract which provided that the retired employees would receive various step increases to their wages and would receive a retirement benefit of ten percent (10%) increase in the base pay of their last salaries. In 2001, the Government prepared Notices of Personnel Action (NOPA) and made payments to the Plaintiffs who were members of MEBA. These Plaintiffs, who felt that their claims had been satisfied, withdrew from the lawsuit.

3. The Parties have completed discovery and have presented their theory of the case in an evidentiary hearing on October 6, 2020. During the hearing, the Parties presented witness testimony and entered exhibits into evidence. This evidentiary record is sufficient to permit the Court to decide on the Plaintiffs' motion for summary judgment. The Parties presented additional arguments on summary judgment during a hearing on September 15, 2022.

**The Legal Standard**

4. Summary Judgment is proper when the "pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law". *V.I.R.C.P., 56(a); Brodhurst v. Frazier,* 57 V.I. 365, 368 (V.I. 2012). "After the party seeking summary judgment establishes that there is no genuine issue of material fact, the burden shifts to the nonmoving party to identify specific areas in the record setting forth affirmative evidence to show that there is a genuine issue of material fact from which a jury may reasonably return a verdict in its favor". <u>Carrillo v. Citimortgage, Inc.</u>, 63 V.I. 670, 671 (V.I. 2015). In a factual dispute, a material fact is one that can affect the outcome of the litigation under governing law. *Williams v. United Corp.,* 50 V.I. 191, 194(V.I. 2008)(citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)).Therefore, the nonmoving party must show by affirmative evidence that there is a factual dispute from which the jury may reasonably return a verdict in its favor. *Chapman v. Cornwall,* 58 V.I. 431, 436 (V.I. 2013). In considering a motion for

summary judgment, the court may not weigh the evidence or determine the credibility of witnesses but must only decide whether there is a genuine issue for trial, or a factual dispute which a jury must decide. *Bertrand v. Mystic Granite & Marble, Inc.*, 63 V.I. 772, 778 (V.I. 2015).

## DISCUSSION

### A. The Contractual relationship

5. The Parties do not dispute the existence of the 1990 contract. They do not dispute that retroactive wages and wage increases were offered to these Plaintiffs under the 1990 contract. They do not dispute that the Plaintiffs were never paid. The Parties agree that in 1997 a new contract was executed between SIU and the Government, but the current Plaintiffs were not represented in the negotiations which produced that contract. Therefore, the disputed issue which the Court must resolve is whether the Government is obligated to compensate the Plaintiffs under the terms of the 1990 contracts after the contracts expired and the Plaintiffs had retired from government service.

6. The Government takes the position that it owes the Plaintiffs nothing. The Government argues that its only obligation to compensate employees arises by way of an existing contract. Therefore, because the Plaintiffs were not employees and had no existing contract, the Government had no obligation to compensate them. The Government further argues that the contract under which the Plaintiffs were claiming the right to compensation had expired and the

Government's obligation to the Plaintiffs terminated upon the expiration of the contract. Further, the Government argues that even if the contract was valid, it has no provisions which allow the retirees to be compensated. Accordingly, the Government contends that, if the Plaintiffs were to be entitled to the right to compensation after they retired, they would have to negotiate for those benefits and have them memorialized in an existing contract as MEBA did in the 1995 contract. And, since the Plaintiffs were no longer members of the Union, the Government had no obligation to negotiate with them. Moreover, the 1997 contract made no provision for the compensation promised under the 1990 contract. Therefore, the Government has no obligation to compensate the Plaintiffs.

7. On the other hand, the Plaintiffs argue that the retroactive wages and wage increases which were offered created rights and obligations under a valid, enforceable contract. Therefore, the Government's failure to pay constitutes its failure to satisfy its obligation under the contract. Accordingly, the obligation remains outstanding and neither expiration of the contract, retirement of the Plaintiffs nor the formation of a new contract extinguish the obligation. Consequently, the Plaintiffs contend that the Government remains liable for the payments.

8. The Plaintiffs further argue that two legislative appropriations that were made in 2005 and 2015 amount to an acknowledgement that the Plaintiffs were entitled

to compensation[1]. However, this Court finds that the legislative appropriations are irrelevant to this lawsuit and are not considered facts that would affect its outcome or the Court's determination on summary judgment. The Court will resolve the dispute under the principles of contracts which the Plaintiffs raised in their complaint.

## B. Contractual Rights and Obligations

9. The pivotal issue before the Court is whether the Government is liable to the Plaintiffs for the retroactive wages and wage increases which were negotiated in the 1990 contract. The Government argues that it is not liable to these Plaintiffs because the 1997 Collective Bargaining Agreement did not make any provisions for their compensation. The Government contends it is a customary practice in union contract negotiations that rights and obligations created under an expired contract are bargained away when the new contract is negotiated. It argues that this was the situation with the employees who were the members of MEBA. The Government and MEBA negotiated the compensation for the retirees who were former members of MEBA during the 1995 contract negotiations. Consequently, the MEBA retirees were paid subject to the provisions of the 1995 Collective Bargaining Agreement. However, SIU did not negotiate for the same benefits in their 1997 contracts.

---

[1] The Virgin Islands Legislature appropriated funds in 2005 and 2015 to compensate the Plaintiffs in this action contingent upon the outcome of the litigation.

10.     The Government's argument suggests that the rights and obligations created under the 1990 Collective Bargaining Agreement automatically expired when SIU negotiated the 1997 contract. Consequently, if SIU failed to negotiate the compensation for the retired members, those rights and obligations which accrued under the 1990 contract were automatically waived or extinguished. It is true that, generally, where a contract has expired, the parties are released from their respective contractual obligations, and any dispute between them cannot be said to arise under the contract. However, there are exceptions to this rule. In certain situations, contractual rights and obligations may continue past expiration of the contract. In these situations, courts apply the normal principles of contract interpretation to determine whether benefits survive the expiration of the contract. See *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 193, (1991). In *Whyte v. Bokino*, 69 V.I. 759, 764 (V.I. 2018) the Virgin Islands Supreme Court used normal principles of contractual interpretation to hold that an arbitration clause in an employment contract survived both expiration of the contract and the termination of the employment relationship. Therefore, it appears that courts have determined that while in the ordinary course, contractual obligations will cease upon termination of the contract, the rights which accrued or vested under the agreement will survive termination of the agreement. *Litton Fin. Printing Div.*, 501 U.S. at 207. Courts have also found that contingent benefits may expire. However, when this Court looks at the Governments argument, the Government makes no distinction between benefits

which have not become due and benefits which accrued and vested before the contract expired. See also, *United Steel Workers of America v. American Smelting and Refining Co.* 648 F.2d. 863, 877 (3rd Cir. 1981) (finding that benefits which have accrued and vested during the life of the contract become an entitlement even if they are to be enjoyed after the contract has terminated).

11.        There is some authority for the view that promised compensation creates a contractual right, which once vested, cannot be eliminated, without impairing the contractual right. "When the beneficiary's right to payment has become due absolutely, it becomes vested and cannot be taken away. *Halek v. St. Paul,* 35 N.W. 2d. 705,707 (Minn. 1949). "An employee's right to an employment benefit vests when that employee has satisfied all conditions precedent to eligibility for the benefit under the employer's policy". *Funkhouser v. Wells Fargo Corp.,* 197 P. 2d. 592, 595 (Or. App. 2008). "The employer may not unilaterally modify or revoke its benefits plan so as to deprive an employee of rights that have been vested under it, even when the employer has expressly reserved the right to revoke the plan itself. *Id.* There is also authority for the view that in the employment context, wages become a vested right. Specifically, under an employment contract, wages become a vested right once the employee has performed. The employee's performance creates the employer's obligation to compensate and the employee's right of expectation to such compensation. "Wages are vested rights; any contract by which employees forfeit their wages before the contract is completed is unlawful". *Boyd v. Gynecologic Assocs. Of*

*Jefferson Parish,* 15 So 3d. 268, 272 (La. App. 2009). "Absent some other arrangement or policy, when an employer makes an agreement to provide compensation for services, the employees right to compensation vests when the employee renders the services". *Comm'r of Labor ex. rel. Shofstall v. Int'l Union of Painters,* 991 N.E. 2d. 100, 103 (Ind. 2013). The Supreme Court of the Virgin Islands also advances the view that accrued and vested rights survive the termination of a contract. *Turnbull v. Turnbull,* 2011 V.I. Supreme LEXIS 4 *14 (V.I. 2011) (citing *Millenium Petro Chems. Inc., v. Brown and Root Holidays Inc.,* 390 F. 3d. 336, 340 (5th Cir. 2004)) (finding that terminating a contract does not affect obligations that accrued or rights that vested prior to termination).

12. The undisputed facts of this dispute indicate that the Plaintiffs' right to retroactive wages and wage increases accrued and vested. Therefore, the Plaintiffs had no obligation to negotiate for these benefits, similar to the MEBA retirees.

**CONCLUSION**

13. The Plaintiffs' right to retroactive wages and wage increases and the Government's obligation to pay these wages accrued and vested under the 1990 Collective Bargaining Agreement. The Government has provided no affirmative evidence to contest the facts that (1) there was an employment contract (2) that the Plaintiffs were promised retroactive wages and wage increases under the terms of the contract (3) that the Plaintiffs performed according to the terms of the contract and (4) that Government never compensated the Plaintiffs according

to the terms of the contract. In opposing summary judgment, the nonmoving party must directly contradict the moving party's evidence. *Anderson v. Am. Federation of Teachers*, 67 V.I 777, 794 (V.I. 2017) (citing *Christensen v. Alaska Sales & Services, Inc.*, 335 P. 3d. 514,516 (Alaska 2014). The Government provided no evidence which contradicts the facts which support the Plaintiffs' right to compensation. Therefore, there is no factual dispute that would warrant a trial on the issue of the Government's liability. The Government is liable to the Plaintiffs for the retroactive wages and wage increases that were negotiated in the 1990 Collective Bargaining Agreement. Accordingly, the Plaintiffs' Motion for Summary Judgment is **GRANTED**. An appropriate Order is attached.

**DONE AND SO ORDERED** this _____ day May 2023.

_____
**HONORABLE JOMO MEADE**
**Senior Sitting Judge of the Superior Court**

A T T E S T

**TAMARA CHARLES**
Clerk of the Court
BY: _____
Court Clerk ~~Supervisor~~

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

GEORGE HARLEY, ET AL.,

        **Plaintiffs**

        v.

GOVERNMENT OF THE VIRGIN ISLANDS.

        **Defendant**

SX-98-CV-559

ACTION FOR INJUCTIVE RELIEF AND DAMAGES

## ORDER UPON JUDGMENT OF LIABILITY

**The Court,** having thoroughly examined the record and having heard the testimony of witnesses and arguments of counsel, has determined that the evidence is sufficient to resolve the question of liability in this matter. Accordingly, the Court finds the Defendant Government of the Virgin Islands is liable to the Plaintiffs for the wage increases and retroactive wages that were negotiated under the 1993 Collective Bargaining Agreement. Pursuant to the Court's determination of liability as more fully outlined in the attached Memorandum of Law, it is hereby

**ORDERED** that Parties shall meet and confer to prepare an accounting of damages, costs and fees that would sufficiently compensate the Plaintiffs as based on the Plaintiffs' claims of injury; it is further,

**ORDERED** that the Parties shall inform the Court of their progress in the calculation of damages in the next thirty (30) days; and it is further

**ORDERED** that the Parties shall prepare for an evidentiary hearing on the issue of damages if the Parties fail to reach an agreement.

**DONE AND SO ORDERED** this _4th_ day May 2023.

_____
**HONORABLE JOMO MEADE**
**SENIOR SITTING JUDGE OF THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

ATTEST

**TAMARA CHARLES**
Clerk of the Court

BY:_____
Court Clerk ~~Supervisor~~



FILED
May 04, 2023 03:47 PM
SX-1998-CV-00559
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **GEORGE HARLEY,** | Case Number: **SX-1998-CV-00559** |
| **Plaintiff** | Action: **Damages** |
| **v.** | |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## MEMORANDUM OPINION & ORDER

**To:** Ronald E. Russell                    ZULEYMA CHAPMAN

**Please take notice that on May 04, 2023**
**a(n)** _____ **MEMORANDUM OPINION & ORDER** _____
**dated** _____ **May 4, 2023** _____ **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** May 04, 2023                    **Tamara Charles**
_____                    _____
                                           **Clerk of the Court**

                              By: _____

                                           _____
                                           **Adriel Williams**
                                           **Court Clerk II**